UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:20-cv-00353-MR

| | |
|---|---|
| BRANDON PICKENS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>EDDIE M. BUFFALOE, Jr., Secretary )<br>of Department of Public Safety,[1] )<br>)<br>Respondent. )<br>)<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus [Doc. 1] and Motion to Proceed *in Forma Pauperis* [Doc. 2], filed on November 30, 2020 by the Petitioner Brandon Pickens.

**I.     BACKGROUND**

Brandon Pickens (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is serving a sentence of 4 years and 7 months to 6

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017)("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Eddie M. Buffaloe, Jr., the current Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action.

years and 6 months following his December 9, 2019 conviction as a habitual felon for drug related offenses in Buncombe County. [Doc. 1 at 1].

In his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, the Petitioner raises the following four claims of relief, all related to a prison disciplinary proceeding: 1) loss of sentence reduction credits and ability to earn additional sentence reduction credits due to incident that involved entrapment; 2) insufficient evidence to prove disciplinary conviction; 3) deprivation of rights under the Eighth Amendment in connection with disciplinary proceeding; and 4) deprivation of due process rights in connection with disciplinary proceeding. [Doc. 1 at 5-10]. The Petitioner states that he appealed his disciplinary charge through the prison administration to the chief disciplinary officer and exhausted his administrative remedies through the inmate grievance process. [Id. at 5-7].

## II. DISCUSSION

### A. Initial Review of § 2254 Petition

28 U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. Under § 2254, a state prisoner's claims are limited to allegations

that challenge either the fact or duration of their confinement. Preisier v. Rodriguez, 411 U.S. 475, 489 (1973).

A petitioner may only proceed on a claim related to a prison disciplinary proceeding to the extent that the disciplinary conviction increased the duration of the petitioner's custody. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005)("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of ... physical confinement,'...and thus lies at 'the core of habeas corpus[.]'")(quoting Rodriguez, 411 U.S. at 487-488). Inmates possess a protected liberty interest in the award of gain time and are entitled to "the minimum requirements of procedural due process" at disciplinary proceedings resulting in the loss of gain time. Wolff v. McDonnell, 418 U.S. 539, 557-558 (1974).

The Petitioner states that he was denied 10 sentence reduction credits, plus the ability to earn additional sentence reduction credits for a total of four months. [Doc. 1 at 5]. The Petitioner complains that he was denied due process in connection with the disciplinary proceeding, including the opportunity to provide a written statement, request staff assistance and physical evidence, and also alleges he was not provided with written notice of the charges against him or the rights afforded to him during the disciplinary

proceeding. [Doc. 1 at 5-10]. He claims that there was insufficient evidence to support his finding of guilt for the disciplinary charge. [Id. at 7].

In accordance with the Rules Governing Section 2254 Cases, the Court has reviewed the Petition and cannot conclude from the record before it at this time that the Petitioner is not entitled to relief. See Rule 4, 28 U.S.C.A. foll. § 2254. As such, the Respondent shall be directed to respond to the Petition.

### B.  Motion to Proceed *in Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income and no amounts of money in any bank accounts. [Doc. 2]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his motion to proceed *in forma pauperis* will be granted.

4

Case 1:20-cv-00353-MR   Document 3   Filed 01/04/23   Page 4 of 5

**IT IS, THEREFORE, ORDERED** that:

1. The Respondent shall have sixty (60) days from the date of this Order within which to answer or otherwise respond to the Amended Petition for Writ of Habeas Corpus. [Doc. 1]. The Clerk of Court is directed to send a copy of the Petition and this Order to the Attorney General of North Carolina.

2. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2] is **GRANTED**.

3. The Clerk of Court is respectfully directed to substitute Eddie M. Buffaloe, Jr., Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge