# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CASE NO. 1:20-cv-00353-MR

| | | |
|---|---|---|
| **BRANDON PICKENS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OF** |
| **vs.** | ) | **DECISION AND ORDER** |
| | ) | |
| **TODD ISHEE, Secretary, North** | ) | |
| **Carolina Department of Adult** | ) | |
| **Correction,[1]** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

     **THIS MATTER** comes before the Court on the Motion for Summary

Judgment filed by the Respondent on November 28, 2022.  [Doc. 9].

## I.    PROCEDURAL BACKGROUND

     Brandon Pickens (the "Petitioner") is a prisoner of the State of North

Carolina.  The Petitioner initiated this 28 U.S.C. § 2254 habeas proceeding

seeking relief from a prison disciplinary conviction he received at Avery-

Mitchell Correctional Institution on September 29, 2020 for willfully creating

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254.  North Carolina law mandates that the Secretary of the North Carolina Department of Adult Correction is the custodian of all state inmates.  <u>See</u> N.C. Gen. Stat. § 148-4 (2023).  Accordingly, Todd Ishee, the current Secretary of the North Carolina Department of Adult Correction, is the proper respondent in this action.

a hazardous or physically offensive condition, classified as a C13 disciplinary offense. [Docs. 1, 10-4 at 6-7]. The Petitioner received 10 days loss of earned-time credits and 30 hours of extra duty. [Id.]. The Petitioner moves this Court to dismiss the disciplinary conviction. [Doc. 1 at 15].

The Court entered an Order on January 4, 2023 directing the Respondent to respond to the § 2254 petition. [Doc. 3]. The Respondent filed its Motion for Summary Judgment on May 4, 2023, moving this Court to grant summary judgment and deny the § 2254 petition on the merits as there are no genuine issues of material fact as to any of the Petitioner's claims, or in the alternative, to dismiss the petition for failure to exhaust state remedies. [Doc. 9]. In support, the Respondent submitted a brief along with exhibits from the Petitioner's disciplinary record and relevant policies governing the prison disciplinary process. [Doc. 10]. The Petitioner filed his Response to the summary judgment motion on May 16, 2023, along with a sworn Declaration and an exhibit showing a prison grievance he filed pertaining to the disciplinary proceeding. [Doc. 11]. The Respondent's Motion for Summary Judgment is now ripe for review.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(citing Fed. R. Civ. P. 56). The burden then shifts to the nonmoving party to proffer competent evidence and specific facts showing that there is a genuine issue for trial. Id. at 323-324. The nonmoving party must oppose a summary judgment motion by going beyond the pleadings and by their own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Id. (citing Fed. R. Civ. P. 56). The nonmoving party "may not rest upon the mere allegations or denials of his pleading" to defeat a motion for summary judgment. Id. at 322, n.3.

Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the summary judgment motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Id. at 599. A court is bound to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. at 322.

In reviewing the Respondent's Motion for Summary Judgment, the Court must also consider the requirements governing petitions for habeas corpus as set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). The AEDPA applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. "Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law." Wilson v. Corcoran, 562 U.S. 1 (2011). Under the AEDPA, a state prisoner's claims are limited to allegations that challenge either the fact or duration of

4

their confinement.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973).   A prisoner may challenge a disciplinary conviction under § 2254 to the extent that it increased the duration of the prisoner's custody, including loss of gain time credits.  <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005)("Because an action for restoration of earned-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of ... physical confinement,' ... and thus lies at 'the core of habeas corpus[.]' ")(quoting <u>Preiser v. Rodriguez</u>, 411 U.S 475, 487-488 (1973)).

## III.   FACTUAL BACKGROUND

Officer Bullis reported that on September 12, 2020 at approximately 2:00 p.m. he was in the Restrictive Housing Control room where he was assigned, when he observed on camera the Petitioner "defecate in the floor of his cell and smear the feces on his body."  [Doc. 10-4 at 12].  Officer Bullis notified the Restrictive Housing Floor Officers and the Sergeant on duty. [<u>Id.</u>].

Officer McClellan was assigned to investigate the incident and completed a written report of his findings.  [Doc. 10-4 at 11].  He stated that he verified Officer Bullis' statement.[2]   [<u>Id.</u>].   He also reported that the

---

[2] While Officer McClellan's Investigating Officer's Report includes the notion of "Camera Cell SCC-103," it is unclear as to whether Officer McClellan viewed any camera footage. [Doc. 10-4 at 11].

Petitioner was read his rights in the offender disciplinary process but refused to sign the DC-138A Notice to Offender form, which was witnessed by Restrictive Housing Unit Officers Carpenter and Hollifield and noted by their signatures and the words "refused to sign," dated September 13, 2020. [Doc. 10-4 at 11, 13]. These rights include the right to 24-hour advance written notice of the charges prior to the disciplinary hearing, the right to be informed of the alleged misconduct and to make statements to the investigating officer, the right to request witness statements and evidence be gathered on the prisoner's behalf, the right to be present at the hearing, the right to have staff assistance present at the hearing, the right to have evidence read during the hearing and right to refute that evidence, and the right to an administrative appeal to the Prison Director. [Id.].

Officer McClellan noted that the Petitioner refused to provide a written statement by completing the DC-138 Statement by Witness form, and that the refusal was also witnessed by Officers Carpenter and Hollifield and noted by their signatures and the words "[r]efused to fill out or write statement," dated September 13, 2020. [Id. at 11, 14]. The DC-138B Statement by Witness Form includes space for an accused offender to request written statements be gathered on their behalf, to request live witnesses be present at the hearing, to request physical evidence be reviewed at the hearing, and

to request staff assistance at the hearing.  [Doc. 10-4 at 14].

Following his investigation, Officer McClellan completed his written Investigating Officer's Report on September 13, 2020 recommending that the Petitioner be charged with a C13 disciplinary offense for willfully creating a hazardous or physically/verbally offensive condition or situation or disruption.  [Doc. 10-4 at 11].  The Offense and Disciplinary Report was prepared on September 14, 2020 by Officer Frye, who noted in the report that the C13 charge was explained to the Petitioner and that the Petitioner "refused to sign full understanding and acknowledged receipt of this notice." [Doc. 10-4 at 9].  The Report contains a signature from Officer Frye and handwritten notation stating the Petitioner "refused to sign 9/14/20."  [Id.].

A disciplinary hearing took place on September 29, 2020 at Avery-Mitchell Correctional Institution before hearing officer Randy Mull.  [Doc. 10-4 at 8].  The hearing officer explained the waiver and appeal options to the Petitioner and the Petitioner entered a plea of not guilty.  [Id.].  All statements and the Investigating Officer's Report were read during the hearing.  [Id.]. The hearing officer noted in the written Record of Hearing that the Petitioner refused to sign or complete the DC-138A and DC-138B forms during the investigation and that this "was witnessed by two staff per policy."  [Id.].  The hearing officer also noted that the Petitioner did not request written

statements, live witnesses, physical evidence, or staff assistance at the hearing and that the Petitioner refused to make a written statement. [Id.]. The Petitioner did make a verbal statement during the hearing that "he did do this but he had let staff know prior and he did not refuse to make a written statement." [Id.].

The hearing officer found the Petitioner guilty of the C13 offense "[b]ased on the reporting party's statement and the investigating officer's report" and imposed the loss of 10 days credit and 30 hours of extra duty. [Doc. 10-4 at 6, 8]. The hearing officer explained to the Petitioner his right to appeal and provided him with a copy of an appeal form. [Doc. 10-4 at 8]. The Petitioner signed acknowledgement of the written Record of Hearing. [Doc. 10-4 at 8].

The Petitioner filed an administrative appeal of the disciplinary conviction on September 29, 2020. [Doc. 10-4 at 3-5]. The Petitioner argued in his appeal that he did not willfully create a hazardous condition because he notified staff an hour and a half before defecating on the floor that he needed to use the restroom and that they failed to respond in time and failed to make rounds to check on him every thirty minutes. [Id.]. The Petitioner stated that he was in segregation for self-injurious behavior (suicide watch) where his toilet was secured with a lid with a brass master lock on it. [Id.].

The Petitioner stated that he had no access to running water or a toilet because staff thought he would commit suicide by means of drowning himself. [Id.]. The Petitioner also argued that he was never provided with DC-138A and DC-138B forms on September 13, 2020, the date that Officers Carpenter and Holifield signed the forms, nor was he provided with written notice of the charges on September 14, 2020 by Officer Frye. [Id.]. The appeal was reviewed on November 2, 2020 and the disciplinary sanctions were upheld. [Id. at 2].

## IV. DISCUSSION

### A. Failure to Exhaust State Remedies

The Respondent alleges that the Petitioner cannot show that he exhausted his state remedies as he failed to file a lawsuit in state court challenging his disciplinary conviction. [Doc. 10 at 18-22]. As such, the Respondent moves for summary judgment on grounds that the § 2254 petition is subject to dismissal for failure to exhaust state remedies. [Id.].

"[W]hen a state prisoner challenges the length or duration of his confinement by alleging that certain good time credits were cancelled . . . pursuant to an unconstitutional process, and then seeks the restoration of those credits, he must first exhaust his state remedies." See Farrell v. Whitener, No. 3:13-cv-00530-FDW, 2015 WL 1457434, at *3 (W.D.N.C. Mar.

9

30, 2015)(citing Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir. 1983)). The exhaustion requirement reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971)(internal citation and quotation marks omitted). In order "[t]o provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal citation and quotation marks omitted).

The Petitioner admits to filing an administrative appeal seeking review of his disciplinary conviction, but he has provided no evidence showing that that he sought judicial review of his claims in state court. [Docs. 1, 11]. However, a prisoner is required to exhaust his *state* remedies, not only his state administrative remedies. Farrell, 2015 WL 1457434, at *3 (W.D.N.C. Mar. 30, 2015); Todd, 712 F.2d at 72. "North Carolina permits a state prisoner to challenge the calculation of credits against a prison sentence by filing a Motion for Appropriate Relief, N.C. Gen. Stat. § 15A-1411 *et seq.*, in the superior court where the conviction arose and by appealing any adverse ruling thereon in the state appellate courts." Hatcher v. Keller, No.

1:10CV30, 2010 WL 1568458, at *2 (M.D.N.C. Apr. 16, 2010) (citing State v. Bowden, 193 N.C. App. 597, 597-600, 668 S.E.2d 107, 108-09 (2008)); see also Satori v. N.C. Att'y Gen., No. 1:11-cv-00024-RJC, 2011 WL 1542134, at *2 (W.D.N.C. Apr. 22, 2011); Tompkins v. Thomas, No. 5:10-HC-2004-BO, 2010 WL 4735910, at *2 (E.D.N.C. Nov. 15, 2020).  Alternatively, "North Carolina allows prisoners to bring civil suits in equity in State court to challenge the denial of their good-time credits." Satori, 2011 WL 1542134, at *2 (citing Smith v. Beck, 176 N.C. App. 757, 627 S.E.2d 284 (2006); Teasley v. Beck, 155 N.C. App. 282, 574 S.E.2d 137 (2002)). The uncontroverted forecast of evidence shows that the Petitioner failed to pursue judicial review of his claims in state court.  As such, the Respondent's Motion for Summary Judgment shall be granted due to the Petitioner's failure to exhaust state remedies and the petition shall be dismissed.

### B.    Denial on the Merits

Because a dismissal for failure to exhaust state remedies is without prejudice, the Court also addresses the Respondent's Motion for Summary Judgment on grounds that the Petitioner's claims are without merit.  The Petitioner raises four claims of relief in his § 2254 petition: 1) loss of sentence reduction credits due to disciplinary incident that involved entrapment; 2) insufficient evidence to support disciplinary conviction; 3) deprivation of

rights under the Eighth Amendment in connection with disciplinary proceeding; and 4) deprivation of procedural due process rights in connection with disciplinary proceeding. [Doc. 1 at 5-10].

### 1. Entrapment

Entrapment is an affirmative defense that may be raised by a criminal defendant to show government inducement of the crime and that the defendant did not have a predisposition to engage in the criminal conduct. Mathews v. United States, 485 U.S. 58, 62-63 (1988). It requires that a criminal defendant show "governmental overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party." United States v. Daniel, 3 F.3d 775, 778 (4th Cir. 1993).

The Petitioner alleges that he lost a total of 10 reduction credits along with the ability to earn additional sentence reduction credits "as a result of a disciplinary action for an incident that involved entrapment." [Doc. 1 at 5]. In his response to the Respondent's summary judgment motion, the Petitioner alleges that prison staff subjected him to entrapment by placing him in a cell without access to a toilet and refusing to let him use the restroom when he informed staff that he needed to do so, thereby inducing him to defecate on the floor of his cell. [Doc. 11 at 3-4].

The Petitioner's allegations of entrapment, however, are insufficient to entitle him to any claim of habeas relief under 28 U.S.C. § 2254. The Petitioner's claim of entrapment is also not a valid constitutional claim that can be raised on habeas review, as a claim brought pursuant to 28 U.S.C. § 2254 must be based on a violation of federal constitutional law. See Ainsworth v. Reed, 542 F.2d 243, 244 (5th Cir. 1976)("[e]ntrapment is not a constitutional doctrine"); Sosa v. Jones, 389 F.3d 644, 646-649 (6th Cir. 2004)(holding that entrapment was not a constitutional defense and could not form basis for habeas relief under 28 U.S.C. § 2254). See also Ashe v. United States, 2015 WL 5430847, *11 (W.D.N.C. Sept. 15, 2015)(unpublished)("[a] claim of entrapment is not cognizable in a § 2255 motion because it 'presents no constitutional claim.'")(quoting Grayson v. United States, 1997 WL 695566, *3 (S.D.N.Y. Nov. 6, 1997)). As such, the Petitioner's claim is without merit and cannot withstand summary judgment.

## 2. Evidence Supporting Disciplinary Conviction

The requirements of due process are satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455–56 (1985). This requires no more than "a modicum of evidence." Id. at 455. "Ascertaining whether this standard is satisfied does not require

examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. Kelly v. Cooper, 502 F.Supp. 1371, 1376 (E.D.Va. December 29, 1980).

The Petitioner alleges that there was insufficient evidence to prove all elements of the C13 disciplinary offense. [Doc. 1 at 7]. The Petitioner argues in his response to the summary judgment motion that he could not have willfully created a hazardous condition due to the fact that he was in a cell without access to a toilet and staff failed to provide him with the opportunity to use the restroom after he notified them of his need to do so. [Doc. 11 at 5]. In his Declaration, the Petitioner denies smearing feces on his body and claims that Officer Bullis' reporting party statement contained false allegations. [Doc. 11-1 at 2-3].

The undisputed forecast of evidence shows that the hearing officer read all witness statements and the Investigating Officer's report at the disciplinary hearing and also heard the Petitioner's verbal statement that "he did do this but he had let staff know prior." [Id.]. Although the Petitioner now denies smearing feces on his body in his Declaration, he did not raise this in his verbal statement made at the disciplinary hearing or in his administrative appeal. [Doc. 10-4 at 3-5, 8]. Therefore, Plaintiff's admission at the hearing

could reasonably support the finding that he admitted to smearing the feces on his body. Other than his new self-serving statements contained in his Declaration, the Petitioner offers no other facts or summary judgment evidence in support of his assertion that Officer Bullis' reporting statement contained false allegations. This is insufficient to demonstrate the existence of any genuine issue of material fact in dispute and contrary to the objective evidence contained in the disciplinary records submitted by the Respondent. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)(to avoid summary judgment, the non-moving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor"); Scott v. Harris, 550 U.S. 372, 380 (2007)("[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"); Larkin v. Perkins, 22 Fed. App'x 114, 115 (4th Cir. 2001)(holding that plaintiff's "own, self-serving affidavit containing conclusory assertions and unsubstantiated speculation" was insufficient to withstand summary judgment).

The undisputed forecast of evidence shows that the hearing officer found the Petitioner guilty of the C13 offense based on the Investigating Officer's Report and Officer Bullis' reporting statement that he observed the

Petitioner defecate in the floor of his cell and smear feces on his body, and Plaintiff's admission at the hearing that "he did do this." [Doc. 10-4 at 8]. The decision reached by the hearing officer is therefore supported by "some evidence" in the record as required under Hill and this Court is not permitted to re-weigh the hearing officer's factual findings. As such, the Petitioner's claim is without merit and cannot withstand summary judgment.

### 3. Eighth Amendment Deprivation of Rights

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 318-319 (1986); U.S. CONST. Amend. VIII. It thus protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997).

The Petitioner alleges that the "incident surrounding the disciplinary action was induced by a deprivation of [his] rights under the Eighth Amendment..." [Doc. 1 at 8]. However, the Petitioner does not elaborate further as to how he was deprived of his rights under the Eighth Amendment.

[Id.].  In his response to the summary judgment motion, the Petitioner states that he was placed in a cell without toilet access while on self-injurious behavior precautionary status and that staff failed to periodically check on him every thirty minutes and failed to provide the Petitioner with an opportunity to use the restroom after he made them aware that he needed to do so.  [Doc. 11 at 2, 4].  The Petitioner argues that "[a] failure to reasonably respond to conditions in which prisoners are entitled to amounts to deliberate indifference."  [Id. at 6].

To the extent that the Petitioner is alleging that prison staff violated his Eighth Amendment rights by placing him in a cell without toilet access, it is insufficient to entitle him to habeas relief under 28 U.S.C. § 2254.  A claim challenging conditions of confinement is not cognizable in a § 2254 proceeding and is more appropriately filed in a civil rights action seeking relief pursuant to 42 U.S.C. § 1983.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)("[h]abeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement ... A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement' "); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)(noting that constitutional challenges to conditions of confinement are

properly brought in a civil rights complaint).  As such, the Petitioner's claim is without merit and cannot withstand summary judgment.

### 4.  Due Process

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law."  U.S. Const. Amend XIV.  Although prisoners retain rights under the Due Process Clause, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  However, prisoners are entitled to certain due process protections, which include: (1) no less than 24 hours advance written notice of the disciplinary charges; (2) a written statement by the fact finder regarding the evidence relied upon and the reasons for any disciplinary action; and (3) a hearing where the prisoner has the opportunity to call witnesses and present documentary evidence.  Id. at 546-566.

The Petitioner alleges in his § 2254 petition that staff did not allow him to write a statement, request staff assistance and physical evidence, provide him with advance written notice of the charges, or provide him with notice of his offender rights.  [Doc. 1 at 10].  However, preparation of a written statement and notice of offender rights are not among the procedural due

process protections recognized in <u>Wolff</u> and these allegations cannot support a habeas claim.

As to the Petitioner's remaining allegations, the forecast of evidence shows that Officer Frye noted in the Offense and Disciplinary Report that the C13 charge was explained to the Petitioner and that the Petitioner "refused to sign full understanding and acknowledged receipt of this notice." [Doc. 10-4 at 9]. The Report contains a signature from Officer Frye and handwritten notation stating the Petitioner "refused to sign 9/14/20." [Id.]. This was well more than 24 hours advance written notice of the charge before the disciplinary hearing was held on September 29, 2020.

The forecast of evidence also shows that the Petitioner voluntarily declined to exercise his right to request the presence of staff assistance at the hearing and that physical evidence be reviewed at the hearing. [Doc. 10-4 at 8, 11,14]. The Petitioner refused to complete the DC-138 Statement by Witness form, which included space for the Petitioner to request physical evidence be reviewed at the hearing and staff assistance at the hearing. [Doc. 10-4 at 14]. His refusal was witnessed by Officers Carpenter and Hollifield and noted by their signatures and the words "[r]efused to fill out or write statement" dated September 13, 2020. [Id. at 11, 14].

The Petitioner states in his Declaration that Officer Frye did not advise

him of the charge or provide him with a completed copy of the Offense and Disciplinary Report and that Officer McClellan did not give him the opportunity to request evidence. [Doc. 11-1 at 2]. However, these self-serving statements, standing alone and without any supporting facts, are insufficient to overcome the forecast of evidence presented in the disciplinary records submitted by the Respondent. The Petitioner has not presented a forecast of evidence from which a reasonable jury could conclude there exists a genuine issue as to whether he received notice of the charge or was denied the ability to present evidence as required under Wolff. In fact, the undisputed record shows that Plaintiff was aware of the nature of the charge and presented a defense – albeit including an admission to the offense conduct. As such, the Petitioner's claim is without merit and cannot withstand summary judgment.

## V.    CONCLUSION

As set forth above, the § 2254 petition is subject to dismissal for failure to exhaust state remedies. Additionally, even if the Petitioner's claims were not procedurally barred due to failure to exhaust state remedies, the claims fail on the merits. Accordingly, the Respondent's Motion for Summary Judgment shall be granted.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1) The Respondent's Motion for Summary Judgment [Doc. 9] is **GRANTED**;

2) The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** and **DENIED**;

3) The Clerk of Court is respectfully directed to substitute Todd Ishee, Secretary of the North Carolina Department of Adult Correction as the proper Respondent in this action;

4) The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases; and

5) The Clerk is directed to terminate this case.

**IT IS SO ORDERED.**

Signed: March 25, 2024

Martin Reidinger
Chief United States District Judge